```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INFINITY TRANSPORTATION MSN 6651, LLC,

                        Plaintiff,

                v.

SYNERGY AEROSPACE CORP.,

                        Defendant.

No. 19-CV-209 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

      Plaintiff Infinity Transportation MSN 6651, LLC purchased an aircraft that was subject to a lease agreement guaranteed by Defendant Synergy Aerospace Corporation. After the nonparty lessee failed to make the rent payments required by that agreement, Plaintiff brought suit to enforce Defendant's guarantee. Although Defendant answered the Complaint, it has not appeared in this action since its counsel withdrew in May 2020 and has failed to respond to multiple orders from this Court. Accordingly, Plaintiff moves for a default judgment. That motion is granted.

**I.    Procedural History**

      Plaintiff Infinity Transportation MSN 6651, LLC, a limited liability company domiciled in the States of Delaware and New York, initiated this action on January 8, 2019. Defendant Synergy Aerospace Corp., a Panamanian corporation, was served with a Summons and Complaint on January 10, 2019 through its contractually designated domestic-process agent in New York, New York. Dkt. 7. Defendant, represented by counsel, answered the Complaint on March 4, 2019. Dkt. 16. On May 28, 2020, defense counsel moved to withdraw in light of Defendant's apparent

failure to pay its legal bills. Dkt. 52. On June 3, 2020, the Court ordered Defendant to raise any opposition to the motion to withdraw within seven days. Dkt. 55. Having received no response from Defendant by July 16, 2020, the Court entered an order requiring Defendant to appear through new counsel by August 20, 2020, and permitting Plaintiff to move for default judgment should Defendant fail to do so. Dkt. 58. At no point did Defendant object to its counsel's withdrawal or appear with new counsel.

On August 25, 2020, the Clerk of Court issued a Certificate of Default as to Defendant. Dkt. 63. Because it remained unclear whether Defendant had received proper service of the Court's June 3, 2020 and July 16, 2020 orders, the Court ordered Plaintiff to effectuate service of those orders and the Certificate of Default by the methods described in the Federal Rules of Civil Procedure. Dkt. 65. On August 27, 2020, Plaintiff's counsel effected such service via mail to Defendant at the address of its contractually designated domestic-process agent, and via Federal Express to Defendant's last known business address in Panama City, Panama. *See* Dkt. 66. The latter set of filings was returned to Plaintiff's counsel due to the unavailability of an individual to provide signature confirmation at the Panama City address. Plaintiff filed the instant motion on September 24, 2020. Dkt. 67.

## II.   Facts[1]

On June 22, 2015 Vermillion Aviator (Four) Limited ("Vermillion"), an Irish corporation, entered into an Aircraft Operating Lease Agreement (the "Lease Agreement") through which it agreed to lease an Airbus Model A320-200 aircraft (the "Aircraft") to Oceanair Linhas Aéreas S/A

---

[1] The following facts are drawn from the Complaint, and assumed to be true for purposes of this motion for default judgment. *See, e.g., Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).

d/b/a Avianca Brasil ("Oceanair"), a Brazilian corporation.  Compl. ¶¶ 5-6, 10.  Defendant executed a guarantee in favor of Vermillion on that same date.  *Id.* ¶ 12.  On July 1, 2016, Plaintiff purchased the Aircraft from Vermillion, subject to the Lease Agreement.  *Id.* ¶ 13.  On January 26, 2017, Vermillion, Plaintiff, and Oceanair executed an agreement through which Vermillion assigned to Plaintiff all of its rights and interests under the Lease Agreement (the "Assignment Agreement").  *Id.* ¶¶ 14-15.  Defendant concurrently entered into a Replacement Guarantee with Plaintiff whereby it, *inter alia*, "committed to pay and perform such guaranteed obligations upon demand from [Plaintiff]" and agreed that "any legal action relating to the Guarantee could be brought in any court of the State of New York or any Federal court of the United States of America located in the Borough of Manhattan."  *Id.* ¶¶ 17-18.

In February 2018, in response to Oceanair's failure to make timely rent payments, Plaintiff sent Oceanair a default notice, copying Defendant.  *Id.* ¶¶ 19-20.  On April 13, 2018, Plaintiff and Oceanair entered into a Forbearance Agreement pursuant to which Plaintiff agreed to temporarily refrain from exercising its rights and remedies under the Lease Agreement in exchange for Oceanair's payments of past due amounts, totaling approximately $993,083.47.  *Id.* ¶¶ 21-23.  Oceanair again defaulted on the Lease Agreement by failing to make timely payments of the amounts due under the Lease Agreement and Forbearance Agreement.  *Id.* ¶ 25.   By letter dated November 3, 2018,  Plaintiff demanded that Defendant immediately pay the balance due.  *Id.* ¶ 28.  On or about November 13, 2018, Plaintiff exercised its right to terminate leasing of the Aircraft by delivering written notice of the same to Oceanair.  *Id.* ¶ 29.  Plaintiff successfully repossessed the Aircraft through a petition with Brazilian courts.  *Id.* ¶ 30.

**DISCUSSION**

**I.       Liability**

"[T]he court may . . . enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). "[A] default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

Plaintiff seeks a default judgment with respect to its action for breach of contract.  To state a claim for breach of contract under New York law, a "complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotation marks omitted).  Accepting as true the allegations in the Complaint, the Court finds that Plaintiff has plainly established Defendant's liability.  The Replacement Guarantee is a valid and enforceable agreement that was executed by Plaintiff and Defendant.  *See* Compl., Ex. C.  Defendant's failure to pay Plaintiff its obligations under the Guarantee upon demand from Plaintiff breached that contract.  As a result, Plaintiff suffered damages in the amount of the payments it was owed under the Guarantee.

**II.      Damages**

Although a "'party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (*quoting Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty* Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "There

4

must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).

Plaintiff requests that this matter be referred to Magistrate Judge Sarah Netburn for an inquest on damages pursuant to Federal Rule of Civil Procedure 55(b)(2). That request is granted. *See id.* ("Together, Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages." (internal quotation marks omitted)).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is GRANTED. This matter is hereby referred to Judge Netburn for an inquest to determine the amount of Plaintiff's damages. The Clerk of Court is respectfully directed to terminate items 52, 59, and 67 on the docket.

SO ORDERED.

Dated:   January 19, 2021
         New York, New York

_____
Ronnie Abrams
United States District Judge